UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANA ZELAYA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:15-CV-00759-XR |
| | § | |
| COTTONWOOD RESIDENTIAL O.P., | § | |
| L.P.; COTTONWOOD CAPITAL | § | |
| PROPERTY MANAGEMENT II, LLC; | § | |
| AND CCPM II – WOODBRIDGE, LLC, | § | |
| | | |
| *Defendants.* | | |

## ORDER

Pending before this Court is Plaintiff's Motion to Remand. (Dkt. No. 8). Having considered the motion and relevant responses, the Court is of the opinion that the motion to remand should be GRANTED IN PART as to remand and DENIED IN PART as to the request for attorney's fees and costs.

## BACKGROUND

Plaintiff originally filed this action in the 225th Judicial Court of Bexar County, Texas against Defendant Cottonwood Capital Property Management II, LLC ("Cottonwood Capital"), Defendant Cottonwood Residential O.P., L.P. ("CROP"), and Defendant CCPM II – Woodbridge ("CCPM II") (collectively "Defendants"). On March 22, 2014, Plaintiff suffered injuries after striking a parking block obstruction located at the Woodbridge Apartments, a property claimed to be owned by the Defendants. (Dkt. No. 8-2, at 8). In January 2015, Cletus P. Ernster III, attorney for Plaintiff, and Steve Clayton, attorney for Cottonwood Capital, began communicating about the March 22 incident and reaching a possible settlement. (Dkt. No. 9-1, at 2). By May 20, Ernster sent a settlement demand letter to Clayton asking for a resolution to

1

Plaintiff's case by July 21, sixty days from the date of the letter. (Dkt. No. 8-1, at 1). The letter stipulated that if a resolution was not met by the deadline, Clayton would agree to accept service of the pending lawsuit on behalf of all the Defendants and waive use of the Defendants' registered agent of process. *Id.* Clayton did not object to the condition or reply to Ernster's requests for assurances about agreeing to service of the lawsuit. (Dkt. No. 9-1, at 2).

Plaintiff filed suit on July 27, 2015, emailing and mailing a filed stamped copy of the petition to Clayton the next day. (Dkt. No. 8, at 2). On behalf of all Defendants, Cottonwood Capital removed this matter based upon diversity jurisdiction. (Dkt. No. 1). Plaintiff filed a motion to remand. (Dkt. No. 8). On October 7, 2015, Defendants filed a response. (Dkt. No. 9). On October 14, 2015, Plaintiff filed a reply. (Dkt. No. 10).

## LEGAL STANDARD

The Court must consider whether removal was proper on a motion to remand. Removal of a civil action from state court to federal district court requires a district court to have original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over civil actions if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Citizenship of the parties and amount in controversy are based on the facts as they existed at the time removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). The party seeking removal "bears the burden of showing that federal jurisdiction exists and that removal is proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Ambiguities regarding removal are "construed against removal and in favor of remand to state court." *Mangumo v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## ANALYSIS

Plaintiff filed this motion to remand, alleging Defendants have not met their burden of establishing complete diversity. In addition, Plaintiff contends Defendants did not timely remove the case in compliance with 28 U.S.C. § 1446(b).

A court has diversity jurisdiction when the parties are completely diverse, meaning no plaintiff is a citizen of the same state as any defendant. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Here, Plaintiff is a citizen of Texas. She resides in Houston, Harris County, Texas. (Dkt. No. 8-2, at 6). Defendant Cottonwood Capital is a citizen of Delaware and Utah. Cottonwood Capital is a limited liability company (LLC) consisting of one member: Cottonwood Capital Holdings, LLC. (Dkt. No. 1, at 2). The citizenship of a partnership or LLC "is determined by the citizenship of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Cottonwood Capital Holdings, LLC's sole member is Cottonwood Capital Management Inc., a Delaware corporation with its principal place of business in Utah. (Dkt. No. 1, at 2). A corporation is a citizen of any state where it incorporated and where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, Cottonwood Capital has Delaware and Utah citizenship.

Defendant CCPM II is a citizen of Delaware and Utah. CCPM II is a LLC with Cottonwood Capital as its sole member. (Dkt. No. 1, at 2).

Defendant CROP is a citizen of Texas and defeats complete diversity. CROP is a limited partnership that Defendants admit has "at least one partner that is a Texas resident." (Dkt. No. 1, at 2). The amount in controversy exceeds $75,000. (Dkt. No. 8-2, at 6). The Court must determine if CROP was improperly joined and its citizenship should be disregarded.

### A. Improper Joinder

Defendants assert CROP was improperly joined because there is no possibility of recovery from CROP for Plaintiff's alleged injuries. (Dkt. No. 1, at 4). The Court finds CROP is a proper defendant and Defendants failed to meet their burden.

When assessing diversity jurisdiction, a court will disregard citizenship of a non-diverse defendant if it determines the defendant was improperly joined. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). A defendant who contends improper joinder bears a heavy burden of proof. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the defendant must show a plaintiff cannot "establish a cause of action against the non-diverse party" and "there is no possibility of recovery by the plaintiff against the in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Court has discretion whether to review evidence to determine if the plaintiff has a viable cause of action against a non-diverse defendant under state law. *Id.*

Defendants fail to resolve the confusion regarding CROP's relationship within the entity structure of Cottonwood Capital. Defendants state CROP was a member of Cottonwood Capital from November 2011 to December 2012, but on December 31, 2012, years before Plaintiff's alleged injury, CROP assigned its interest in Cottonwood Capital Management Inc. (Dkt. No. 9, at 7). Plaintiff contends CROP was a member of Cottonwood Capital when Plaintiff was injured on March 2, 2014. Plaintiff offers Exhibit D-4, a Texas Franchise Tax public information report from 2014 and information from the Texas Secretary of State's website. (Dkt. No. 8-9, at 2–3). The report, filed by Cottonwood Capital and signed by its CFO, acknowledges CROP as the sole member of Cottonwood Capital. *Id.* at 3. The Texas Secretary of State website information also notes CROP was a member of Cottonwood Capital as of November 7, 2014. *Id.* at 2.

Defendants offer the affidavit of Chad Christensen, president of Cottonwood Capital and president of Cottonwood Capital Inc. to rebut the Exhibit D-4. (Dkt. No. 9-5). Christensen simply states the exhibit is incorrect. (Dkt. No. 9-5, at 2). Defendants offer no other supporting evidence to prove CROP was not a member of Cottonwood Capital after December 31, 2012. The Court resolves this ambiguity against the Defendants as they bear the burden upon removal and finds the Texas Franchise Tax report and the Texas Secretary of State website information are correct. CROP was a member of Cottonwood Capital when Plaintiff was injured, so there is a possibility Plaintiff can recover from this Defendant.

Further, Defendants contend Plaintiff failed to allege a basis of recovery against CROP because Plaintiff improperly pled negligence instead of premises liability. Defendants argue a premises liability claim is not recoverable against CROP because it was not "owner, possessor, or operator" of the location where the Plaintiff was allegedly injured. (Dkt. No. 1, at 3). The Court will not consider the merits of Plaintiff's negligence claim but determines that Plaintiff has alleged a viable cause of action against CROP.

    **B. Timeliness of Removal**

Plaintiff asserts the thirty-day removal deadline began on July 28, when Clayton received a copy of the petition. Plaintiff argues Clayton agreed to waive formal service of process. (Dkt. No. 8, at 2). Defendants argue that no such agreement between Clayton and Ernster existed, which is supported by Ernster's repeated requests for confirmation of the agreement. (Dkt. No. 9, at 2–3). Defendants assert the thirty-day deadline began on August 5, when its registered agent was served with process. *Id.* at 4. The Court agrees.

The filing deadline for a notice of removal is found in 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

> service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The Supreme Court explained in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* that the thirty-day deadline for removal begins when formal service is received and "not by mere receipt of the complaint." 526 U.S. 344, 347–48 (1999). Although federal law governs removal, state law determines what constitutes service of process. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210, 211 n.6 (5th Cir. 2005). Texas Rule of Civil Procedure 119 allows a defendant to accept or waive service. An effective waiver must be (1) in a writing signed by the defendant, authorized agent, or attorney; (2) that is verified by someone other than an attorney in the case; (3) dated after the suit is brought and; (4) filed among the papers of the case. Tex. R. Civ. P. 119.

The requirements of Tex. R. Civ. P. 119 are not met. There is no writing signed by the Defendants, an authorized agent of the Defendants, or their counsel. No documentation supporting a waiver was filed with the state court. Thus, Clayton did not give a waiver of service on behalf of the Defendants.

In reality, there was no agreement between Clayton and Ernster. Plaintiff relies on the agreement outlined in the May 20 settlement demand letter and the lack of Clayton's objection to its terms as support for Clayton's waiver. Two essential elements of an agreement include acceptance and a meeting of the minds, both of which are lacking here. Plaintiff has offered no evidence that Clayton intended to enter into an agreement with Ernster or that he agreed. Plaintiff takes Clayton's silence as consent to the agreement, but "'silence and inaction will not be construed as assent to an offer.'" *See Texas Ass'n of Ctys. Cty. Gov't Risk Mgmt. Pool v.*

*Matagorda Cty.*, 52 S.W.3d 128, 132 (Tex. 2000) (quoting 2 WILLISTON ON CONTRACTS § 6:49 (4th ed. 1991)).  Because no agreement between Clayton and Ernster existed and waiver was not in conformity with Texas law, the thirty-day deadline did not begin until the Defendants' registered agent of service was served with process on August 5.  (Dkt. No. 9-4, at 1).  As a result, the Defendants' removal deadline did not expire until September 4.  Defendants filed their notice on September 2, within the thirty-day deadline.  However, given that the Court finds that Defendants did not meet their burden to show that diversity jurisdiction existed and removal was proper, such a finding will not prevent remand.

### C. Attorneys' Fees

28 U.S.C. § 1447(c) provides that upon an order remanding the case, a court may order payment of attorneys' fees incurred as a result of the removal.  28 U.S.C. § 1447(c) (2012).  However, attorneys' fees are not awarded automatically.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  "[A] court may . . . deny attorney's fees if 'the defendant had objectively reasonable grounds to believe the removal was legally proper.'"  *City of San Antonio v. Time Warner Cable, San Antonio, L.P.*, Civ. Ac. No. SA-09-CV-869-XR, 2009 U.S. Dist. LEXIS 116035 (W.D. Tex. Dec. 11, 2009) (citing *Valdes*, 199 F.3d at 291–93).

Here, Zelaya asked that the Court award $2,900 in attorneys' fees and costs.  (Dkt. No. 8, at 8).  However, given the ambiguity surrounding the citizenship of the Defendants and the members of the respective LLCs, the Court finds that while Defendants did not meet their burden, there were at least reasonable grounds to believe that removal may have been proper.  As a result, the request for attorneys' fees is denied.

## CONCLUSION

Plaintiff Ana Zalaya's Motion to Remand (docket no. 8) is GRANTED IN PART as to the motion to remand and DENIED IN PART as to the request for attorneys' fees. Accordingly, the Clerk is directed to REMAND this case to state court and close the case.

It is so ORDERED.

SIGNED this 3rd day of March, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE